**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HOANG V. TRAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-457-JWD-SDJ** |
| **BRIAN ACUNA** | |

**ORDER**

The Court previously issued an Order cancelling the September 21, 2026 Status Conference, giving the Government a second opportunity to confirm that Mr. Tran was indeed removed to Vietnam on Mission Flight 26-007576. (Doc. 35). Following that Order, the Government provided the Declaration of Deportation Officer Blake Arrant, who states the following:

> I was one of the ICE officers who personally worked this flight on September 8, 2026, based on all our documentation and records, I am confident that the Petitioner boarded the aircraft and departed the United States.

(Doc. 36-1).

But DO Arrant's Declaration falls short of confirming that Mr. Tran was indeed one of the 172 passengers on Mission Flight 26-007576 and "that his scheduled drop-off in Vietnam occurred in accordance with the flight manifest provided by Respondents." (Doc. 37 at 2). As counsel for Mr. Tran points out, despite DO Arrant's carefully chosen verbiage that he "personally worked the flight", the fact that his knowledge of Mr. Tran's removal is "based on . . . documentation and records" belies the Government's attempt to produce a person with personal knowledge of Mr. Tran's **completed removal** to Vietnam.

Put simply, the Government still has not confirmed that Mr. Tran was successfully removed to Vietnam. And to be sure, this confirmation matters:

> Because [Mr. Tran's] counsel has still not received any communication from Petitioner, Respondents' confirmation that he was removed in accordance with the law (and, not for example, dropped in some random country or a different facility in the United States) remains critical to Petitioner's voluntary dismissal of this case.

(Doc. 37 at 3). Therefore,

**IT IS ORDERED** that a Status Conference is set for Tuesday, September 29, 2026 at 2:00 p.m. by Zoom before United States District Judge John W. deGravelles.[1] The Government should come prepared to address the shortcomings in DO Arrant's Declaration, as raised by Mr. Tran's counsel:

> Important to the Declaration is what it does not state. It does not state that: Mr. Arrant saw Mr. Tran board Mission Flight 26-007576. It does not say that Mr. Arrant was on the Mission Flight 26-007576. It does not explain why Mr. Tran was listed as passenger 197 when the flight only had 172 passengers on it. It does not identify the documents or records relied upon other than the flight manifest submitted into the record, which contained a grave internal inconsistency. And, most critically, it does not provide any explanation of what "work[ing]" the mission flight means in this context. Mr. Arrant obviously knows exactly what that verbiage means and should tell the Court and Petitioner's counsel exactly what that means so there is no question that this Declaration is not yet another attempt to evade the dictates of Federal Rule of Evidence 602.

(Doc. 37 at 1-2).

Signed in Baton Rouge, Louisiana, on September 25, 2026.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

[1] **Participants must be in appropriate courtroom attire, seated in a private room or office, and using a camera that is stationary.**